[795 NYS2d 679]

In the Matter of KENNETH M. LEFF, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 23, 2005

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Forrest Strauss* of counsel), for petitioner.

*Richard E. Grayson*, White Plains, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated November 20, 2002, containing 10 charges of professional misconduct. After a hearing, the Special Referee sustained Charges One through Four and Six through Ten, and did not sustain Charge Five. The Grievance Committee now moves to confirm in part and disaffirm in part the report of the Special Referee, and to impose such discipline as the Court deems just and proper. The respondent submitted papers in opposition in which he requests (a) confirmation of the Special Referee's report, except with respect to Charge Six, which he seeks to have disaffirmed; and (b) imposition of the same discipline as that imposed upon him by the New Jersey Supreme Court, namely, limiting his discipline to the suspension already imposed and a public censure.

Charge One alleges that the respondent is guilty of engaging in conduct prejudicial to the administration of justice by violating Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) in failing to respond to the lawful demands of a Grievance Committee to submit an answer to allegations of professional misconduct. Specification one alleges that on November 21, 2001, the petitioner received the complaint of Grace Alexander. Specification two alleges that on or about December 5, 2001, the complaint was referred to the Grievance Committee of the Rockland County Bar Association (hereafter the Bar Association) for appropriate action. Specification three alleges that from on or about December 12, 2001, to on or about February 11, 2002, the Bar Association repeatedly

forwarded requests to the respondent, both by certified mail and by telephone messages, for an answer to the allegations in the complaint. Specification four alleges that the respondent failed to respond to any of the requests.

Charge Two alleges that the respondent is guilty of engaging in conduct that adversely reflects upon his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) based upon specifications one through four of Charge One.

Charge Three alleges that the respondent is guilty of engaging in conduct prejudicial to the administration of justice in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) by failing to respond to the lawful demands of a Grievance Committee to submit an answer to allegations of professional misconduct. Specification one restates and realleges specifications one through four of Charge One with the same force and effect as though fully set forth therein. Specification two alleges that as a result of the respondent's failure to respond to the requests of the Bar Association, that agency returned the complaint on or about February 11, 2002, to the petitioner. Specification three alleges that on or about February 15, 2002, the petitioner's investigator personally delivered a letter to the respondent's home office address requesting that the respondent, inter alia, answer the complaint and explain his failure to respond to the earlier requests of the Bar Association. Specification four alleges that the respondent failed to respond to the petitioner's request within the time frame provided and the respondent was subpoenaed to appear and give testimony under oath regarding the aforementioned matters.

Charge Four alleges that the respondent is guilty of engaging in conduct adversely reflecting upon his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) by failing to respond to the lawful demands of a Grievance Committee to submit an answer to allegations of professional misconduct based upon specifications one through four of Charge One and specifications two through four of Charge Three.

Charge Five alleges that the respondent is guilty of neglecting a legal matter entrusted to him in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]), by failing to pay property taxes when they became due with funds left with him in escrow by his client. Specification

one alleges that on or about September 29, 2000, the respondent represented Grace Alexander at a title closing for her purchase of a Newark, New Jersey, home. Specification two alleges that because the third and fourth quarter property taxes had not yet been assessed by the City of Newark, the respondent agreed to hold $1,500 from the transaction's proceeds in his attorney escrow account and pay the taxes when they became due and certain. Specification three alleges that the respondent failed to ascertain and to pay the amounts due and owing for the taxes and release the amounts necessary to pay same from the escrow he was holding until on or about March 31, 2002.

Charge Six alleges that the respondent is guilty of having failed to render appropriate accounts to his client for funds held for the client in violation of Code of Professional Responsibility DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3]), by failing to respond to his client's inquiries about his failure to pay property taxes from the client's funds held in escrow based upon specifications one through three of Charge Five. Specification two alleges that although Grace Alexander repeatedly left messages on the respondent's office and cell telephone voice mail requesting that he call her about the escrowed funds and problems resulting from the tax delinquency matter, the respondent failed to respond to her inquiries at any time prior to March 31, 2002.

Charge Seven alleges that the respondent is guilty of failing to promptly pay and deliver funds in his possession to a third party entitled to receive them, in violation of Code of Professional Responsibility DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4]) by failing to respond to his client's inquiries about his failure to pay property taxes with funds held in escrow for his client based upon specification one through three of Charge Five and specification two of Charge Six.

Charge Eight alleges that the respondent is guilty of engaging in conduct that adversely reflects on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to pay property taxes when due with funds held in escrow with him by his client and failing to respond to his client's inquiries, based upon specifications one through three of Charge Five and specification two of Charge Six.

Charge Nine alleges that the respondent is guilty of engaging in conduct that adversely reflects on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (a)

(7) (22 NYCRR 1200.3 [a] [7]), by failing to respond to the lawful demands of the petitioner for an accounting and explanation about various transactions and money retained in his attorney escrow account during a specified period. Specification one alleges that in or about May 2002, the petitioner conducted an audit and review of the respondent's attorney escrow account at Interchange Bank, in Montvale, New Jersey, for the period of August 31, 2000, through March 28, 2002, based upon information and records provided to the petitioner by the respondent. Specification two alleges that following an exchange of correspondence regarding the results of the petitioner's audit and review and the questions raised, the respondent was examined under oath by the petitioner on July 17, 2002. Specification three alleges that during the course of his examination under oath and in the presence of his attorney, the petitioner explained to the respondent the precise nature of numerous anomalies and questions that remained unanswered, including, inter alia, the reason why the respondent continued to hold escrowed funds in each client matter where he continued to do so. Specification four alleges that in a letter dated July 19, 2002, forwarded to the respondent's attorney, the petitioner again detailed the specific facts and issues that the respondent needed to address and requested that he do so by on or before August 16, 2002. Specification five alleges that the respondent failed to respond to the petitioner's requests.

Charge Ten alleges that the respondent is guilty of engaging in conduct prejudicial to the administration of justice in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) by failing to respond to the lawful demands of the petitioner for an accounting and explanation about various transactions and monies retained in his attorney escrow account during a specific period based upon specifications one through five of Charge Nine; and that the respondent knew or should have known that in committing these acts he was violating Code of Professional Responsibility DR 9-102 (c) (3) and (4) (22 NYCRR 1200.46 [c] [3], [4]).

The credible evidence adduced and the reasonable inferences to be drawn therefrom support the Special Referee's findings in sustaining Charges One through Four and Six through Ten. The petitioner's motion to confirm is granted, and the respondent's motion to disaffirm is denied with respect to Charge Six. Charge Five is sustained based upon a fair preponderance of the credible evidence in view of the respondent's admissions in his

answer and his testimony during the hearing. Accordingly, with respect to Charge Five, the petitioner's motion to disaffirm is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that he has great remorse for his misconduct and voluntarily stopped practicing law in recognition of his problems, long before the petitioner sought to have him suspended. He also has sought and continues to obtain treatment for his problems and would like the opportunity to salvage his reputation. The respondent also points out that while this matter focused on his failings as an attorney, during his 20 years of practice, he successfully handled countless other matters and was rewarded with the gratitude of his clients.

The respondent's only prior New York disciplinary history is a letter of admonition issued by the petitioner in October 2002 for his failure to timely register with the Office of Court Administration and to cooperate with the petitioner's inquiry into that matter.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of one year.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and COZIER, JJ., concur.

Ordered that those branches of the petitioner's motion which are to confirm the report of the Special Referee sustaining Charges One through Four and Six through Ten are granted, and that branch of the petitioner's motion which is to disaffirm the report of the Special Referee regarding Charge Five is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the report of the Special Referee with respect to Charge Six is denied; and it is further,

Ordered that the respondent, Kenneth M. Leff, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period, upon furnishing satisfactory proof that during the said period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR

691.10), and (c) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Kenneth M. Leff, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Kenneth M. Leff, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).